496. The Texas Plaintiff and the Class relied on Defendants' false statements and omissions to their detriment.

497. Defendants further acted unconscionably by committing acts or practices to the Texas Plaintiff's and the Class members' detriments and took advantage of the Texas Plaintiff's and the Class members' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

498. Defendants' violations of the DTPCA were committed knowingly and intentionally

499. The Texas Plaintiffs have provided written notice to Defendants of the filing of this Complaint pursuant to Tex. Bus. & Com. Code Ann. §17.505.

500. The Texas Plaintiffs shall send a copy of this Complaint and written notice to the Consumer Protection Division pursuant to Tex. Bus. & Com. Code Ann. §17.501.

501. The DPTCA Notice advised Defendants in great detail of the claims arising under §17.501(a), including that Defendants were engaging in the following deceptive and false advertising practices:

(a) They falsely advertise the fuel economy of the Vehicles as best in class and beating rival Prius v.

(b) Their advertisements refer to the Vehicles as "the 47 combined mpg C-MAX Hybrid" and/or state that the Vehicles "get," "achieve," or "offer" 47 mpg; however, this is untrue, and drivers do not achieve anything nearing this level of fuel efficiency in real-world driving.

(c) Insofar as they purport to be advertising the EPA MPG/MPGe/FER estimates, they do so while failing to disclose that the ratings are, in fact, based on testing purportedly performed under EPA standards and that they are estimates. Furthermore, Defendants' advertisements do not comply with FTC regulations governing advertising of fuel economy as set forth in 16 C.F.R. §259.2(a).

832029_1

     (d)    They fail to provide the disclaimer that the advertised rates will vary with actual MPG ratings achieved in the real world, consistent with the requirements of 40 C.F.R. §600.302-08(b)(4).

     (e)    They provide additional affirmative misrepresentations that indicate that consumers should expect the Vehicles to achieve the advertised MPG ratings in normal, real-world use.

502. The DPTCA Notice also included the amount of economic damages and the amount of expenses and attorneys' fees reasonably incurred in asserting the claims against Defendants.

## TWENTY-SEVENTH CAUSE OF ACTION
### (Violation of the Virginia Consumer Protection Act, Va. Code Ann. §59.1-196 *et seq.*) on Behalf of the Virginia Plaintiffs

503. The Virginia Plaintiffs and the Class hereby incorporate by reference the previous allegations as if fully set forth herein.

504. Defendants are persons as defined by Va. Code Ann. §59.1-198.

505. As set forth above, Defendants concealed and/or suppressed material facts concerning the Vehicles' fuel economy, which it had a duty to disclose.

506. As alleged above, Defendants made numerous material statements about the Vehicles' fuel economy that were either false or misleading. In addition, Defendants omitted material facts regarding the Vehicles' true fuel economy. By misrepresenting the Vehicles' fuel economy and failing to disclose and actively concealing the Vehicles' true fuel economy, Defendants engaged in unfair or deceptive practices prohibited by Va. Code Ann. §59.1-200, including:

     (a)    misrepresenting that the Vehicles have certain quantities, characteristics, ingredients, uses, or benefits;

     (b)    misrepresenting that the Vehicles are of a particular standard, quality, grade, style, or model; and

832029_1

        (c)    using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

507. Defendants nevertheless failed to inform the Virginia Plaintiffs and the Class members about the Vehicles' true fuel economy.

508. Each of these statements contributed to the deceptive context of Defendants' unlawful advertising and representations as a whole.

509. Defendants owed the Virginia Plaintiffs and the Class members a duty to disclose the Vehicles' true nature because they possessed exclusive knowledge of the facts rendering Defendants representations regarding the Vehicles' fuel economy false and misleading.

510. Defendants intentionally concealed the Vehicles' true fuel economy through their deceptive marketing campaign and/or made incomplete representations about the Vehicles' fuel economy generally, while purposefully withholding material facts from the Virginia Plaintiffs and the Class members that contradicted these representations.

511. Defendants possessed exclusive knowledge of the facts described herein, which render Defendants' representations regarding the Vehicles' fuel economy false and misleading.

512. Defendants' concealment and/or suppression of these material facts were made intentionally and knowingly.

513. Defendants actively and willfully concealed and/or suppressed these material facts, in whole or in part, with the intent to deceive and mislead the Virginia Plaintiffs and the Class members and to induce the Virginia Plaintiffs and the Class members to purchase and/or lease the Vehicles at all or for a higher price, which did not match the Vehicles' true value.

514. The Virginia Plaintiffs and Class members were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts.

515. The Virginia Plaintiffs' and Class members' actions were justified. Defendant was in exclusive control of the material facts related to the misrepresentations described herein and such facts were not known to the public or to Plaintiffs and the other Class members.

516. Defendants' unfair and deceptive trade practices did deceive the Virginia Plaintiffs and the Class members and, as a result of the concealment and/or suppression of the facts, the Virginia Plaintiffs and the Class members sustained damage in an amount to be determined at trial.

517. The Virginia Plaintiffs and the Class members also seek actual damages, which may be trebled because Defendants' violations were willful, and reasonable attorneys' fees and court costs.

### TWENTY-EIGHTH CAUSE OF ACTION
(Violations of Washington Revised Code §19.86.010, *et seq.*, the Washington Consumer Protection Act)
on Behalf of the Washington Plaintiffs

518. The Washington Plaintiffs and the Class hereby incorporate by reference the previous allegations as if fully set forth herein.

519. Defendants are a "person" within the meaning of the Washington Consumer Protection Act ("WCPA"), WRC §19.86.010(1), and conducts "trade" and "commerce" within the meaning of the WCPA, WRC §19.86.010(2).

520. The Washington Plaintiffs and members of the Class are "persons" within the meaning of the WPCA, WRC §19.86.010(1).

521. Defendants' actions are unfair and/or deceptive within the meaning of the WCPA in that they falsely advertised the Vehicles' fuel efficiency, as described throughout this Complaint. Such false advertisements were material to the Washington Plaintiffs and Class members in purchasing and/or leasing the Vehicles.

522. Defendants' unfair or deceptive acts or practices have occurred in their trade or business, and Defendants were and are capable of deceiving a substantial portion of the public. The Washington Plaintiffs and the Class members relied on the

- 103 -

832029_1

false advertisements and were, thereby, induced into purchasing and/or leasing Defendants' Vehicles and paying a higher price for the Vehicles.

523. Defendants' general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

524. As a direct and proximate result of Defendants' actions described above, the Washington Plaintiffs and the Class members have been injured in fact and suffered damages, and seek relief in the form of actual damages, treble damages, and reasonable attorneys' fees, pursuant to WRC §19.86.090.

### TWENTY-NINTH CAUSE OF ACTION
### (Violation of the Wisconsin Deceptive Trade Practices Act, Wisc. Stat. §110.18)
### on Behalf of the Wisconsin Plaintiffs

525. The Wisconsin Plaintiffs and the Class hereby incorporate by reference the previous allegations as if fully set forth herein.

526. Defendants' above-described acts and omissions constitute false, misleading, or deceptive acts or practices under the Wisconsin Deceptive Trade Practices Act ("DTPA), §110.18.

527. By failing to disclose and misrepresenting the fuel economy of the Vehicles, Defendants engaged in deceptive business practices prohibited by the DTPA, including:

(a) representing that the Vehicles have characteristics, uses, benefits, and qualities which they do not have;

(b) representing that the Vehicles are of a particular standard, quality, and grade when they are not;

(c) advertising the Vehicles with the intent not to sell them as advertised;

(d) representing that a transaction involving the Vehicles confers or involves rights, remedies, and obligations which it does not; and

- 104 -

832029_1

(e) representing that the subject of a transaction involving the Vehicles has been supplied in accordance with a previous representation when it has not. As alleged above, Defendants made numerous material statements about the Vehicles' fuel economy that were either false or misleading.

528. Each of these statements contributed to the deceptive context of Defendants' unlawful advertising and representations as a whole.

529. Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Wisconsin Plaintiffs and members of the Class, about the Vehicles' fuel economy.

530. In purchasing and/or leasing their Vehicles, Wisconsin Plaintiffs and the Class members relied on Defendants' misrepresentations and/or omissions with respect to the Vehicles' fuel economy. Defendants' representations turned out not to be true because the Vehicles do not achieve the represented fuel economy.

531. Had the Wisconsin Plaintiffs and the Class members known this, they would not have purchased and/or leased their Vehicles and/or paid as much for them.

## THIRTIETH CAUSE OF ACTION
### (Fraud)
### on Behalf of All Plaintiffs

532. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

533. Defendants' misrepresentations, nondisclosure, and/or concealment of material facts to Plaintiffs and the members of the Class, as set forth above, were known or through reasonable care should have been known by Defendants to be false and material and were intended by Defendants to mislead Plaintiffs and the Class.

534. Further, Defendants' representations were made with the intent that the general public, including Plaintiffs and Class members, rely upon them. Defendants' representations were made with knowledge of the falsity of such statements or in reckless disregard of the truth thereof. If Plaintiffs and the Class had been aware of these suppressed facts, Plaintiffs and the Class would not have purchased and/or

leased their Vehicles at the price sold and/or leased by Defendants. In reliance upon these misrepresentations, Plaintiffs and members of the Class purchased their Vehicles.

535. Upon information and belief, Plaintiffs and the Class allege that Defendants misrepresented material facts with the intent to defraud Plaintiffs and the Class. The information withheld from Plaintiffs and Class members is material and would have been considered by a reasonable person, as detailed herein.

536. Plaintiffs and the Class were actually misled and deceived and were induced by Defendants to purchase the Vehicles which they would not otherwise have purchased.

537. As a result of Defendants' conduct, Plaintiffs and Class members have been damaged. In addition to such damages, Plaintiffs seek punitive or exemplary damages pursuant to California Civil Code §3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

**THIRTY-FIRST CAUSE OF ACTION**
**(Negligent Misrepresentation)**
**on Behalf of All Plaintiffs**

538. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

539. Defendants had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of automobiles.

540. The information withheld from Plaintiffs and Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding the Vehicles, as detailed herein.

541. Defendants specifically and expressly misrepresented material facts to Plaintiffs and Class members, as discussed above.

- 106 -

832029_1

542. Defendants knew or in the exercise of reasonable diligence should have known that the ordinary consumer would be misled by Defendants' misleading and deceptive advertisements.

543. Plaintiffs and Class members justifiably relied on Defendants' misrepresentations and have been damaged thereby.

### THIRTY-SECOND CAUSE OF ACTION
(Breach of Contract)
on Behalf of All Plaintiffs

544. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

545. Through their websites, television advertisements, marketing materials, and vehicle window stickers, as more fully set forth herein, Defendants conveyed uniform representations and offers regarding the quality and performance of the Vehicles, including that they achieved the represented fuel economy. Plaintiffs and members of the Class accepted Defendants' offers and paid to purchase or lease the Vehicles based on those offers.

546. Defendants breached the contracts by delivering products that do not perform as offered and promised. Specifically, the Vehicles do not achieve the represented fuel economy.

547. As a direct and proximate cause of Defendants' breach, Plaintiffs and Class members were damaged through the purchase price, higher fuel costs, and diminution in the resale value in an amount that will be proven.

### THIRTY-THIRD CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
on Behalf of All Plaintiffs

548. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

549. The law implies a covenant of good faith and fair dealing in every contract.

832029_1

550. Defendants violated the covenant of good faith and fair dealing in their contracts with Plaintiffs and members of the Class by, *inter alia*, misrepresenting to Plaintiffs and the Class the quality and performance of the Vehicles, including that they achieved the represented fuel economy. Plaintiffs and members of the Class accepted Defendants' offers and paid to purchase or lease the Vehicles based on those offers.

551. Plaintiffs and the Class members performed all or substantially all of the significant duties required under their agreements with Defendants.

552. The conditions required for Defendants' performance under the contracts had occurred.

553. Defendants did not provide and/or unfairly interfered with the right of Plaintiffs and Class members to receive the full benefits under the agreement due to their misrepresentations.

554. Plaintiffs and Class members were damaged by Defendants' breach through the purchase price, higher fuel costs, and diminution in the resale value in an amount that will be proven.

**THIRTY-FOURTH CAUSE OF ACTION**
**(Breach of Express Warranty)**
**on Behalf of All Plaintiffs**

555. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

556. Uniform Commercial Code §2-313 provides that an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the promise.

557. Plaintiffs and Class members formed contracts with Defendants at the time Plaintiffs and Class members purchased or leased their Vehicles. The terms of the contracts include the promises and affirmations of fact and express warranties made by Defendants about the Vehicles' fuel economy through their marketing and

- 108 -

832029_1

1 advertising campaigns, on Ford's website and at the dealership, including the window
2 stickers affixed to the Vehicles.
3      558. Defendants' marketing and advertising constitute express warranties,
4 which served as part of the basis of the bargain, and are part of a standardized contract
5 between Plaintiffs and the other members of the Class, on the one hand, and
6 Defendants on the other.
7      559. Plaintiffs and Class members were exposed to these statements and
8 reasonably relied upon such promises and affirmations of fact contained in
9 Defendants' marketing campaign.
10     560. These warranties were not true, as Defendants' Vehicles did not provide
11 the promised fuel efficiency, as described herein.
12     561. Defendants breached the terms of these contracts, including the express
13 warranties, by not providing the products as advertised, as described herein.
14     562. At all times, California as well as the 47 states listed below, and the
15 District of Columbia, have codified and adopted the provisions of the Uniform
16 Commercial Code governing the express warranty of merchantability: Ala. Code §7-
17 2-313; Alaska Stat. §45.02.313; Ariz. Rev. Stat. §47-2313; Ark. Code Ann. §4-2-313;
18 Cal. Com. Code §2313; Colo. Rev. Stat. §4-2-313; Conn. Gen. Stat. §42a-2-313; Del.
19 Code Ann. tit. 6, §2-313; D.C. Code §28:2-313; Fla. Stat. §672.313; Ga. Code Ann.
20 §11-2-313; Haw. Rev. Stat. Ann. §490:2-313; Idaho Code Ann. §28-2-313; §810 Ill.
21 Comp. Stat. Ann. 5/2-313; Ind. Code Ann. §26-1-2-313; Iowa Code §554.2313; Kan.
22 Stat. Ann. §84-2-313; Ky. Rev. Stat. Ann. §355.2-313; Me. Rev. Stat. tit. 11, §2-313;
23 Md. Code Ann., Com. Law §2-313; Mass. Gen. Laws. ch. 106, §2-313; Mich. Comp.
24 Laws §440.2313; Minn. Stat. §336.2-313; Miss. Code Ann. §75-2-313; Mo. Rev. Stat.
25 §400.2-313; Mont. Code Ann. §30-2-313; Nev. Rev. Stat. §104.2313; N.H. Rev. Stat.
26 Ann. §382-A:2-313; N.J. Stat. Ann. §12A:2-313; N.M. Stat. Ann. §55-2-313; N.Y.
27 U.C.C. Law §2-313; N.C. Gen. Stat. §25-2-313; N.D. Cent. Code §41-02-30; Ohio
28 Rev. Code Ann. §1302.26; Okla. Stat. tit. 12A, §2-313; Or. Rev. Stat. §72.3130; 13

832029_1

1 | Pa. Cons. Stat. §2313; R.I. Gen. Laws §6A-2-313; S.C. Code Ann. §36-2-313; S.D.
2 | Codified Laws §57A-2-313; Tenn. Code Ann. §47-2-313; Tex. Bus.& Com. Code
3 | Ann. §2.313; Utah Code Ann. §70A-2-313; Vt. Stat. Ann. tit.9A, §2-313; Va. Code
4 | Ann. §8.2-313; Wash. Rev. Code Ann. §62A.2-313; W. Va. Code Ann. §46-2-313;
5 | Wis. Stat. §402.313; and Wyo. Stat. Ann. §34.1-2-313.

6 |     563. As a result of Defendants' breaches of their contracts and express
7 | warranties, Plaintiffs and the Class have been damaged in the amount of the purchase
8 | price of Defendants' products, the diminution of value of their Vehicles, and the
9 | increased costs of fuel.

10 |     564. All conditions precedent to Defendants' liability under this express
11 | contract, including notice, have been performed by Plaintiffs and the Class as
12 | described above.

**THIRTY-FIFTH CAUSE OF ACTION**
**(Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*)**
**on Behalf of All Plaintiffs**

15 |     565. Plaintiffs incorporate the above allegations by reference as if fully set
16 | forth herein.

17 |     566. Plaintiffs and Class members are "consumers" within the meaning of the
18 | Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.* ("MMWA").

19 |     567. Defendants are "suppliers" and "warrantors" within the meaning of the
20 | MMWA.

21 |     568. The Vehicles are a "consumer product" within the meaning of the
22 | MMWA.

23 |     569. Defendants' written affirmations of fact, promises, and/or descriptions as
24 | alleged herein are each a "written warranty" as to the Vehicles' fuel economy and/or
25 | there exists an implied warranty for the sale of such product within the meaning of the
26 | MMWA.

27 |     570. For the reasons detailed above, Defendants breached these express and
28 | implied warranties, as the Vehicles do not perform as Defendants represented or were

- 110 -

832029_1

not fit for their intended use. Defendants have refused to remedy such breaches, and their conduct caused damages to Plaintiffs and members of the Class.

571. The amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

572. Resorting to any informal dispute settlement procedure and/or affording Defendants another opportunity to cure these breaches of warranties is unnecessary and/or futile. Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances, as Defendants have failed to remedy the problems associated with the Vehicles, and, as such, have indicated they have no desire to participate in such a process at this time. Any requirement under the MMWA or otherwise that Plaintiffs resort to any informal dispute settlement procedure and/or afford Defendants a reasonable opportunity to cure the breach of warranties described above is excused and/or has been satisfied.

573. As a result of Defendants' breaches of warranty, Plaintiffs and Class members have sustained damages and other losses in an amount to be determined at trial. Plaintiffs and Class members are entitled to recover damages, specific performance, costs, attorneys' fees, rescission, and/or other relief as is deemed appropriate.

**THIRTY- SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**on Behalf of All Plaintiffs**

574. Plaintiffs incorporate the allegations in paragraphs 1 through 219 as if fully set forth herein.

575. Defendants have benefited and been enriched by the conduct alleged herein. Defendants have generated millions of dollars of revenue from the unlawful conduct described above. Defendants have knowledge of this benefit.

576. Defendants have voluntarily accepted and retained this benefit.

- 111 -

832029_1

577. The circumstances, as described herein, are such that it would be inequitable for Defendants to retain the ill-gotten benefit without paying the value thereof to Plaintiffs and the Class.

578. Plaintiffs and the Class are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from their unlawful, unjust, unfair, and inequitable conduct as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, demand judgment against and general and special relief from Defendants as follows:

A. An order certifying that the action be maintained as a class action and appointing Plaintiffs and their counsel of record to represent the defined Class;

B. An order enjoining Defendants under California Business and Professions Code §§17203 and 17535 and California Civil Code §§1780 and 1781:

(a) rescind the sales of the Vehicles purchased or leased in California and/or reimburse Plaintiffs and the Class members the purchase price for those Vehicles as restitution of all funds improperly obtained by Defendants as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

(b) to disgorge all profits and compensation improperly obtained by Defendants as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition; and

(c) to cease engaging in false advertising and to disseminate an informational campaign to correct its misrepresentations and material omissions.

1     C.    For damages under the causes of action for fraud, negligent misrepresentation, statutory deceit, violation of the Consumer Legal Remedies Act, breach of contract, and breach of express and implied warranties;

    D.    For punitive damages, pursuant to California Civil Code §§3294 and 1780(a)(4);

    E.    For reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure §1021.5, California Civil Code §1780(d), and other statutes as may be applicable;

    F.    For prejudgment interest to the extent allowed by law;

    G.    For costs of suit incurred herein;

    H.    For such other and further relief as the Court deems appropriate.

DATED: April 15, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN

*/s/ Rachel L. Jensen*

RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT ROTHMAN
MARK S. REICH
AVITAL MALINA
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
JACK REISE
STUART A. DAVIDSON
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432

- 113 -

832029_1

| | |
|---|---|
| 1 | Telephone: 561/750-3000 |
| 2 | 561/750-3364 (fax) |
| 3 | MCCUNE WRIGHT, LLP<br>RICHARD D. MCCUNE<br>ELAINE S. KUSEL |
| 4 | 2068 Orange Tree Lane, Suite 216<br>Redlands, CA 92374 |
| 5 | Telephone: 909/557-1250<br>909/557-1275 (fax) |
| 6 | Co-Lead Counsel for Plaintiffs and the |
| 7 | Class |

- 114 -

832029_1

## DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on April 15, 2013, declarant served the CONSOLIDATED AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL by email to the party listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2013, at San Diego, California.

_____
MICHELE M. WALLBRETT

832029_1

# Mailing Information for a Case 8:12-cv-02232-DOC-JPR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)